**FLETCHER v. FOREMOST DAIRIES, Inc., OF NEW YORK.**

No. 576.

District Court, E. D. New York.

Oct. 20, 1939.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for plaintiff.

Louis T. Cymrot, of New York City, for defendant.

GALSTON, District Judge.

The plaintiff moves for an order to vacate, or in the alternative to have modified, a notice of examination before trial served by the plaintiff and directed to the defendant, its executive officers and one Carl Engstrom, a chauffeur. The notice was served pursuant to the provisions of Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The pleadings disclose that the action is one for personal injuries claimed to have been suffered by the plaintiff as a result of the negligent operation by the defendant of one of its automobile trucks which is alleged to have come in collision with an automobile in which the plaintiff was a passenger. The operation and control of the truck by the defendant are admitted but the negligence denied.

It is not seen how the executive officers of the defendant can be competent witnesses in respect to any of the issues involved in the case. There is no allegation or even suggestion that they were present at the accident or knew anything about it. They should not be required to give the depositions sought.

Plaintiff seeks records pertaining to the maintenance, operation and control of the defendant's motor truck, and all contracts, agreements or records of arrangements covering the operation of the truck, and all records of repairs made to the truck for a period of six months prior to March 28, 1939, the day of the accident.

Rule 26, subdivision (b), provides for the examination regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." If the maintenance, operation and control of the motor truck had been denied by the defendant it is conceivable that the documents called for would be relevant. In the state of the pleadings, however, the maintenance, operation and control of the truck are admitted by the defendant. Therefore it will not be necessary for the defendant to furnish the items requested in 1-a of the notice to examine.

As to how the record of repairs to the truck would be relevant to the issue it is not presently seen. However, that matter should be left to the trial court. In consequence the defendant should produce such record, but not for the period of six months prior to the happening of the accident. A record of one month prior to March 28, 1939 should suffice.

Paragraph 2 of the notice to examine calls for the production of records as to the employment of Carl Engstrom, the chauffeur in charge of the truck at the time of the accident. How Engstrom's previous record bears on the question as to whether he was negligent on the day in question I cannot perceive. Such evidence would not be relevant at the trial and need not now be produced.

The motion is granted to the extent herein indicated.

Settle order on notice.